**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CARL S. MACLEOD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:05cv725 (MRK) |
| | : | |
| THE PROCTER & GAMBLE | : | |
| DISABILITY BENEFIT PLAN; THE | : | |
| PROCTOR & GAMBLE CO.; and | : | |
| P & G-CLAIROL, INC.; | : | |
| | : | |
| Defendants. | : | |

**RULING AND ORDER**

By a Ruling and Order [doc. # 51] dated November 6, 2006, the Court granted in part and

denied in part Plaintiff's Motion for Partial Summary Judgment [doc. # 32] and denied Defendants'

Cross-Motion for Summary Judgment [doc. # 35].   Presently pending before the Court are the

following pleadings: (1) Motion of Defendant for Reconsideration of Award of Attorneys' Fees [doc.

# 53] and (2) Plaintiff's Statement of Reasonable Costs & Attorneys Fees [doc. # 52], to which

Defendants have objected [doc. # 55].

**I.**

Defendants move for reconsideration of this Court's ruling awarding Plaintiff reasonable

attorneys' fees and costs because Defendants did not have an adequate opportunity to be heard on

the issue.  As a threshold matter, Plaintiff objects to Defendants' motion because it is untimely and

because Defendants did have an adequate opportunity to be heard on the issue.

Plaintiff is wrong about timeliness; because special time-computation rules apply to deadlines

that are less than eleven days, Defendants' motion was filed within 10 days of the judgment as required by District Local Rule 7(c)(1).  *See* F.R. Civ. P. 6(a).   The Court is also satisfied that Defendants did not have an adequate opportunity to address the issue of attorneys' fees and costs before the Court's Ruling and Order was issued, because Defendants believed – reasonably, in the Court's view – that the issue of attorneys' fees and costs would be addressed, if at all, in a post-judgment motion in accordance with Rule 54 of the *Federal Rules of Civil Procedure*.   It is irrelevant whether Defendants are correct or incorrect in their view that a motion under Rule 54 was necessary or appropriate in this case.  The fact remains that, until this point, Defendants had not submitted a brief on the issue of attorneys' fees and costs, and their explanation for why they failed to do so previously is reasonable in these circumstances.

Accordingly, it is appropriate for the Court to reconsider its decision to award attorneys' fees and costs to Plaintiff.  Both sides have now submitted briefing directed to that issue.  In their briefs, Defendants make two arguments against such an award.  First, Defendants contend that it is premature to award attorneys' fees and costs because the Court merely remanded the case for further proceedings, and there is no guarantee that Plaintiff will prevail on remand.  Second, Defendants contest the Court's assessment of the so-called *Chambless* factors.  *See* Brief in Support of Motion for Reconsideration of Attorney's Fees Award [doc. # 54] at 4-11.

Having fully reconsidered the matter, the Court nonetheless adheres to its original decision to award reasonable attorneys' fees and costs to Plaintiff.   Defendants are correct that it would be premature to award attorneys' fees and costs if the basis for such an award were that Plaintiff had prevailed in obtaining disability benefits.  That issue is as yet undecided and will be addressed on remand.  However, it is not premature to award Plaintiff the reasonable attorneys' fees and costs he

incurred in obtaining a ruling that the categorical military exclusion – which Defendants relied on in summarily denying Plaintiff disability benefits – is not consistent with the clear and unambiguous terms of the Proctor & Gamble Disability Benefit Plan.   On that issue, a significant one, Plaintiff has prevailed.  *See Miller v. United Welfare Fund*, 72 F.3d 1066, 1074 (2d Cir. 1995) ("Section 502(g)(1) [of ERISA] contains no requirement that the party awarded attorneys' fees be the prevailing party.").  Nothing on remand will affect that ruling and therefore, in the Court's view, there is no sound reason to delay awarding Plaintiff the reasonable attorneys' fees and costs he incurred in  obtaining that victory.  *See Peterson v. Continental Cas. Co.*, 282 F.3d 112, 118-21 and n.5 (2d Cir. 2002) (affirming district court's grant of attorneys' fees and costs to partially successful plaintiff for subsequent remand to plan administrators and noting that "[o]f course, [Plaintiff] is entitled to collect a reasonable amount for fees and costs incurred in initiating suit in the District Court.").

As to the *Chambless* factors, the Court acknowledges that reasonable persons might legitimately disagree about the Court's assessment of each factor in the circumstances of this case. However, having carefully reconsidered the issue in light of Defendants' arguments, the Court is not persuaded to alter its  view that it is appropriate to award Plaintiff attorneys' fees and costs for obtaining a ruling that strikes down the categorical military exclusion and that requires Defendants to comply with the terms of the Plan and to "consider military-caused disabilities on a claim-by-claim basis 'after their review of the facts of the case.'" Ruling and Order [doc. # 51] at 8.  Therefore, the Court will not alter its prior ruling on the issue of attorneys' fees.

## II.

What the Court has said above and in its prior opinion about the basis for awarding attorneys'

fees and costs to Plaintiff informs the Court's decision on what amount of fees and costs are

reasonable to award Plaintiff for his victory to date.   For Plaintiff is not yet fully victorious.  He has

overturned the military exclusion, but he has not yet established that he is entitled to disability

benefits.  Despite his incomplete success to date, Plaintiff nonetheless seeks an award of *all* of the

fees and costs he has incurred in this case to date – a total of $62,077.50 in legal fees and expenses

of $2,295.99 for a "grand total of $64,373.49." *See* Plaintiff's Opposition to Defendants' Response

to Plaintiff's Statement of Fees and Costs [doc. # 57] at 3.  In the Court's view, such an award would

be unreasonable.

In determining reasonable attorneys' fees, a district court must calculate a "lodestar" figure

based upon the number of hours reasonably expended by counsel on the litigation multiplied by a

reasonable hourly rate.  *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *see, e.g.*, *Seitzman v. Sun

Life Assur. Co. of Can.*, 311 F.3d 477, 487 (2d Cir. 2002).  The movant bears the burden of

establishing the lodestar amount. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The reasonable

rate is determined by reference to the marketplace, and courts should "exclude from this initial fee

calculation hours that were not 'reasonably expended' . . . . [including] excessive, redundant, or

otherwise unnecessary" work.  *Hensley*, 461 U.S. at 434; *accord Quarantino v. Tiffany & Co.*, 166

F.3d 422, 425 (2d Cir. 1999).  Thereafter, in arriving at an appropriate fee award, the Court may

adjust the lodestar amount upward or downward based on variety of factors, including lack of

complete success. *See Hensley*, 461 U.S. at 435-36.  As the Supreme Court has noted, "[t]here is

no precise rule or formula"  for determining the extent of any downward reduction for incomplete

success.  *Id.* at 436.  Rather, the court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.  The court necessarily has discretion in making this equitable judgment.  This discretion, however, must be exercised in light of the considerations we have identified."  *Id.* at 436-37.

Here, Defendants contest Plaintiff's request for an hourly rate of $300.  Plaintiff has not supported that hourly rate with an affidavit regarding prevailing rates, which would be the preferable approach.  However, this Court notes that other judges in this District have recently awarded fees based on hourly rates that were comparable to the $300 per hour billed by Plaintiff's counsel.  *See, e.g.*, *Milde v. Hous. Auth. of Greenwich*, No. Civ. 3:00CV2423(AVC), 2006 U.S. Dist. LEXIS 92256, at *21-*26 (D. Conn. Dec. 20, 2006) (awarding hourly rate of $300 to employment attorney); *Shorter v. Hartford Fin. Servs. Group, Inc.*, No. 3:03CV0149(WIG), 2005 WL 2234507, at *10-*12 (D. Conn. May 31, 2005) (same).  The Court does not believe an hourly rate of $300 is unreasonable for a lawyer practicing in Fairfield County, as Plaintiff's lawyer does.

Defendants contest the adequacy of Plaintiff's counsel's records, but the Court is satisfied that Plaintiff's submissions are adequate to the task of assessing a reasonable fee.  Of greater concern to the Court is Defendants' argument that the amount of hours expended by Plaintiff are unreasonable and excessive, given the limited record below and what otherwise should have been a relatively straightforward case to brief and argue.  The Court agrees with Defendants.  For example, Plaintiff's counsel recorded a whopping 120 hours to prepare Plaintiff's summary judgment papers and a reply and for oral argument (thirteen hours alone).  It also appears that certain work was unnecessary.  The Court is particularly concerned about the hours attributable to discovery.  This should have and could have been an on-the-record appeal, and certainly insofar as the military exclusion issue is concerned,

there was no need for discovery.  At Plaintiff's request and over Defendants' objection, Plaintiff was

permitted to conduct limited discovery to explore Plaintiff's theory that Defendants had "prejudged"

his claim, a theory that never bore any fruit. Plaintiff's counsel expended a total of 38 hours on this

discovery and spent approximately $1,800 in costs for a transcript and for travel.  Awarding such

fees and costs to Plaintiff in this case would only encourage claimants in other ERISA cases to seek

unnecessary discovery in the hope of finding something.   Since the Trust in this case is funded by

employee contributions, the Court sees no reason to burden the Trust with such unnecessary expense.

In calculating the lodestar, Plaintiff asks to be paid for 207 hours of work.  See Plaintiff's

Opposition to Defendants' Response to Plaintiff's Statement of Fees and Costs [doc. # 57] at 5.

Defendants urge this Court to reduce that amount to 98.1 hours.[1]  *See* Defendants' Brief in Reply to

Plaintiff's Statement of Costs and Attorneys' Fees [doc. # 55] at 9.  The Court generally agrees with

Defendants' analysis of Plaintiff's hours, with one exception.  Defendants seek to reduce the lodestar

amount by 15.4 hours, attributable to time spent in opposing a remand.  The Court believes that it

is more appropriate to take Plaintiff's lack of success in opposing remand into account in any

reduction of the lodestar rather than in calculating the lodestar itself.  Therefore, the Court will

reduce Plaintiff's requested hours to 113.5 hours.  A total of 113.5 hours, multiplied by $300 per

hour, gives a lodestar amount of $34,050.

The Court will then reduce that lodestar amount further to reflect the fact that Plaintiff has

not achieved complete success.  Defendants urge the Court to reduce Plaintiff's attorneys' fee award

to $21,000, which Defendants describe as an "adequate fee for a case that should have entailed no

---

[1]In his Opposition to Defendants' Response [doc. # 57], Plaintiff withdraws his request for eleven hours of reimbursement, attributable to duplicate entries in his record.  Therefore, Defendants' request for reduction has been adjusted in accordance with this withdrawal.

discovery and no trial."   Def.'s Brief in Reply [doc. # 55] at 11.   While Defendants urge the Court to further reduce the lodestar because Plaintiff has not submitted concise time records, the Court has already concluded that the time records are sufficient to the task at hand.

Although Mr. Macleod has not yet secured the benefits he ultimately seeks, the Defendants principally relied both at the administrative level and in this appeal on the military exclusion in their denial of his application for benefits.   Mr. Macleod has succeeded in removing this substantial roadblock to his claim, and has guaranteed that the Trustees will "consider [his] military-caused disabilities . . . after their review of the facts of the case." *MacLeod v. Procter & Gamble Disability Ben. Plan*, No. 3:05CV725 (MRK), 2006 U.S. Dist. LEXIS 80820, at *10 (D. Conn. Nov. 6, 2006). This is no small victory, indeed.   While conceding that this is not an exact science, the Court concludes that a fee award of $25,000 constitutes a reasonable attorneys' fee award for the partial victory that Plaintiff has obtained thus far.   If Plaintiff prevails on remand, Plaintiff may have additional opportunities to recoup the remainder of his reasonable attorneys' fees.

Insofar as costs are concerned, the Court will reduce the costs awarded by $1,816.92 to exclude the deposition and discovery costs and by $129 for the costs of serving the complaint rather than seeking a waiver of service under Rule 4 of the Federal Rules of Civil Procedure.   Total costs awarded are, therefore, $350.07.

### III.

In sum, the Court GRANTS the Motion for Reconsideration [doc. # 53]. Having fully reconsidered the relevant issues, however, the Court adheres to its original ruling awarding reasonable attorneys' fees and costs to Plaintiff.   Also, having considered at length the parties' submissions on the amount of reasonable attorneys' fees and costs that this Court should award, the

Court awards Plaintiff $25,000 in attorneys' fees and $350.07 in costs.  **The Clerk is directed to**

**close this file.**

                              IT IS SO ORDERED,


                              /s/   _____Mark R. Kravitz_____
                                    United States District Judge


Dated at New Haven, Connecticut: **January 18, 2007**.